CASE 10—PETITION EQUITY—JUNE 9.

# Williams vs. Wood, &c.

APPEAL FROM MADISON CIRCUIT COURT.

1. If the landlord (prior to the act of February 16th, 1858) claim the lien conferred by the 14th section of art. 2, title Landlord and Tenant, Revised Statutes, he can only obtain it—when the property has been attached by a creditor of the tenant—by having a distress warrant issued and levied on the property. If this be not done, he is only entitled to the provision made for him by the 20th section, by which the officer levying an execution or attachment on the property of the tenant is only required to pay the landlord out of the proceeds thereof the amount *due and in arrear*, not exceeding one year's rent.

2. By the act approved February 16, 1858, an exclusive lien for one year's rent due, or to become due, is given to the landlord on all the personal property of the tenant found upon the rented premises after possession is taken under the lease; and this lien exists, although the landlord may not issue a warrant to enforce it. The 20th section of art. 2, title Landlord and Tenant, of Rev. Statutes, so far as it is inconsistent with the lien thus conferred, is virtually repealed by the act *supra*, and the landlord will have a right to claim the benefit of his lien against an attaching creditor, without resorting to his remedy by distress.

S. TURNER, for appellant, cited *article 2, title Landlord and Tenant, Rev. Statutes, sections 4, 11, and 14 to 21, inclusive; 16 B. Mon.*, 398.

VOL. 2—6.

CAPERTON, for appellees, cited *Revised Statutes*, 441 ; 16 *B. Mon.*, 398.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The extent of the landlord's lien, in a case where the household furniture of the tenant, and his other personal property on the leased premises, have been taken under an attachment, which has been sued out by a creditor of the tenant, is the question that is now presented for our decision.

This question must be determined by the provisions of the Revised Statutes, as the attachment in this case had been levied, and the rights of the parties fixed, before the passage of the act, approved February 16th, 1858, amending the Revised Statutes in relation to the landlord's lien.

The provisions on this subject contained in the Revised Statutes are apparently inconsistent with each other, and cannot be made to harmonize without considerable difficulty. These provisions are contained in the 2d article of the chapter on Landlord and Tenant, from the first to the twentieth sections, inclusive.

In the case of *Fisher vs. Kollerts*, (16 *B. Mon.*, 398,) it was decided, that all the other sections, when speaking of property liable for rent, must be construed as referring to the same description of property or estate which is designated in the 14th section as subject to the exclusive lien of the landlord; but the question that arises in this case was not then presented, inasmuch as the landlord had in that case sued out a distress warrant, and had it levied on the property of the tenant on the demised premises, and was therefore clearly entitled to the exclusive lien conferred by the 14th section; whilst in this case no distress warrant was sued out, but the landlord having been made a defendant to the action, asserts his lien without resorting to his remedy by distress.

The 20th section provides that if the tenant's property be taken under attachment, the officer shall, out of the proceeds thereof, make payment of what is payable in money, not exceeding one year's rent in arrear.

If, therefore, the officer levying the attachment pays to the landlord the rent due and in arrear, he has a right to appro-

Williams vs. Wood, &c.

priate the balance of the proceeds of the property found on the leased premises to the satisfaction of the attachment. He is not liable to the landlord beyond the amount of the rent due, and the landlord cannot increase this liability, nor enlarge the extent of his claim, by becoming a party to the action in which the attachment issued.

As, however, the 14th section gives to the landlord an exclusive lien for one year's rent due, *or to become due*, it may be said that the 20th section should not be so construed as to diminish his right, by confining it to rent due and in arrear.

Both of these sections contemplate the existence of the landlord's lien, and both of them provide for its enforcement. The lien conferred by the 14th section must be enforced by a warrant, and may be lost altogether by a failure to have a warrant issued within a period of four months after the rent becomes due. The 20th section requires the sheriff levying the attachment to pay to the landlord what is payable in money, not exceeding one year's rent in arrear.

If the landlord claim the lien conferred by the 14th section, he can only obtain it, when the property has been attached, by having a distress warrant issued and levied on the property. If this be not done, he is only entitled to the provision made for him by the 20th section. This provision is similar to the one that existed in his favor under the pre-existing law. Under that law the officer levying an execution or attachment on the property of the tenant, was only required to pay to the landlord out of the proceeds thereof the rent due and in arrear. If there were no rent due, the landlord had no claim whatever against the officer. In this respect, the Revised Statutes made no change in the pre-existing law. But, by the language used in the 14th section, an apparent conflict is produced between it and the 20th section, and this apparent inconsistency can only be reconciled by the construction we have put upon the two sections.

By the act of 1858, heretofore referred to, an exclusive lien for one year's rent, due or to become due, is given to the landlord, on all the personal property of the tenant found upon the rented premises, after possession is taken under the lease; and

this lien exists, although the landlord may not issue a warrant to enforce it. The effect of this amendment will be a virtual repeal of the said 20th section, so far as it is inconsistent with the lien thus conferred; and the landlord will have a right to claim the benefit of his lien against an attaching creditor, without resorting to his remedy by distress.

In this case, there was only due to the landlord part of the rent for one year. The rent so due and in arrear was all that he was entitled to out of the proceeds of the sale of the tenant's property. The court below allowed him a much larger sum, and in this particular committed an error to the prejudice of the attaching creditor.

Wherefore, the judgment is reversed, and cause remanded for further proceedings and judgment consistent with this opinion.