## HENRY DOANE *vs.* THOMAS WILLCUTT.

In an action for trespass upon land, the plaintiff traced his title to two persons as tenants in common, and gave in evidence a deed of partition of the premises between them, in which a third person was named as a former owner. *Held*, that a previous deed of the premises to that person, and acts of ownership exercised by him, were inadmissible in evidence for the defendant, in the absence of proof of any privity of title between that person and the tenants in common.

A party to an indenture of partition, containing a full and accurate description of the land, and a recital that it has been set off to a widow as dower, is not thereby estopped to show that land held by him under a lease from the widow of all the premises set off to her as dower is different land.

ACTION OF TORT for trespass on the plaintiff's close. Trial and verdict for the plaintiff in the court of common pleas at April term 1858 before *Perkins*, J., to whose rulings the defendant alleged exceptions. The case is stated in the opinion.

*C. A. Welch & E. Avery*, for the defendant.

*W. Colburn*, (*J. J. Clarke* with him,) for the plaintiff.

MERRICK, J. This case has been before the court upon a former bill of exceptions. It was then determined that the recital in the deed of indenture, made in April 1833 by and between the plaintiff and his wife, the defendant and his wife, and sundry other persons, that they were seised in fee of

the premises described in the writ as tenants in common, did not estop the plaintiff from asserting and maintaining by proof that at the time of said partition there was an outstanding and paramount title, superior to that of either of these parties, which he had subsequently acquired, and by virtue of which he claimed to be the owner and rightful occupant of the estate. *Doane* v. *Wilcutt,* 5 Gray, 328. It is not stated in the present bill of exceptions, but it was conceded at the argument upon the questions of law presented in it, that upon the trial of the action the plaintiff did, after the defendant had put that indenture in evidence, produce evidence on his part tending to show some such outstanding paramount title in a third party when the indenture was executed; that he subsequently acquired it, and thenceforward held, and still claims to own and hold, the premises under and by virtue of it. This concession is indispensable to show the materiality of the rulings of the court in rejecting the deed offered in evidence by the defendant, and thus to render the bill of exceptions intelligible.

1. It was to contest and counteract the effect of the proof which the plaintiff had produced concerning the paramount title outstanding in a third party when the indenture was made, that the defendant undertook to show a still older paper title, and possession and acts of ownership under it, and to trace it in an unbroken line, by conveyances and by descent and inheritance, from Jeremiah Beale in 1684 to himself in 1833. From the deeds introduced by him on the trial for this purpose, it appears that on the 6th of June 1760 Philip James and Thomas James were seised in fee of the premises and of other lands undivided as tenants in common; and that by a deed of partition of that date, by them duly executed, the premises therein described as " an island commonly known as James's Island, at the place called the Beach Islands in the township of Hingham, formerly granted to Francis James," were granted, transferred and assigned in severalty to Thomas James. The defendant, having proved these facts, offered to give in evidence the record of a mortgage deed from Francis James to John Clark and others, commissioners

for the Province of Massachusetts, dated February 13th 1716, insisting that it was admissible as evidence of an act and claim of Francis James upon and over said estate. But this deed was rejected; and very properly, because there was no evidence before the court to show any privity of estate between Thomas James and Francis James, or that the former derived a title to the premises in any manner from the latter. It was claimed that it was so derived by inheritance, the defendant asserting that Francis was the uncle of Philip and Thomas. But of this there was no proof, nor any evidence tending to prove it. The bill of exceptions states that the only evidence of relationship between those parties was to be found in the partition deed of 1760, where it is said that the island was "formerly granted to Francis James." This description is just as consistent with the supposition that he was an entire stranger in the family of Philip and Thomas as that he was their uncle. But even if that fact could be assumed, proof is still entirely wanting to show that they were his heirs at law. Taking the facts just as they are stated in the bill of exceptions, nothing is found to justify the mere assumption of the defendant, either that he was their uncle, or that they were his heirs at law and became entitled to his estate upon his decease. Indeed it may be said still further, that there is no evidence in the case to show that he left any estate to be inherited by anybody. As there was, therefore, an entire failure of proof of any privity in estate between Philip and Thomas James, and Francis James, it is obvious that his deed to Clark and others, commissioners, either for the purpose of showing an act of possession or of claim to the estate, or for any other purpose, was clearly inadmissible. That was the act of a party with whom the plaintiff failed to show that he, or the title which he attempted to set up, had any connection.

For the same reason, the deed of Jeremiah Beale to Philip James of the 12th of June 1684 was inadmissible. It was useless to show that the title which he had to the estate was regularly transmitted by proper intermediate conveyances to Francis James, since the chain of title is at that point broken,

or at any rate is not shown to have extended further in a direction towards the defendant. As he could not, or did not, show any privity of estate, or any connection whatever between himself and Francis James, it was, of course, wholly immaterial to the questions at issue in this suit to ascertain in what manner he acquired, or how or to whom he disposed of, the estate of which he was the owner.

2. But besides relying on the outstanding paramount title, which he had purchased and caused to be conveyed to himself, the plaintiff also contended that he had acquired a full and complete title to the premises by adverse occupation and possession for a period of more than twenty years. And this claim he attempted to support by proof of the alleged facts. On the other hand, to explain the nature and character of the plaintiff's possession, and to show that it was not adverse, the defendant, in addition to the indenture of 1833, introduced in evidence a lease to him from Elizabeth Nichols, the widow of Lot Nichols, of all the land which had been set off and assigned to her as dower on the estate of her deceased husband. It thereupon became necessary to resort to the record of the assignment of dower to Mrs. Nichols to ascertain what estate was demised by the lease; and from that record, which was produced in evidence by the plaintiff, it appeared that the said premises constituted no part of it. But the defendant objected, that this record was inadmissible, on the ground that the plaintiff was estopped by the recital in the indenture that the land therein mentioned, and of which partition was thereby made, had been set off as dower to the widow of Lot Nichols. This recital however is plainly only a part of the description of the estate upon which the deed was intended to operate, and which is therein otherwise fully and accurately described. The doctrine of estoppel is not applicable to such a case. Where several particulars are mentioned and referred to in the description of land conveyed, some of which are found to be erroneous, these may be rejected as a false demonstration, and the other parts of the description, which are unambiguous and correct, must be relied on to fix and determine the rights of the parties

under the deed. 1 Greenl. Ev. § 26. *Wright* v. *Tukey*, 3 Cush. 299. Thus, where a grantor in a deed conveyed a tract of land, describing it by metes and bounds, and adding, "being all and the same land which Benedict Dewey, deceased, lately owned in a hundred acre pitch," &c., it was held that this was a conveyance of the land described by metes and bounds, and not merely of that to which Dewey had title. *Whiting* v. *Dewey*, 15 Pick. 428. The same rule was held in the subsequent cases of *Winn* v. *Cabot*, 18 Pick. 553, and *Thatcher* v. *Howland*, 2 Met. 41. It was for a similar purpose that the record of the assignment of dower to Mrs. Nichols was offered by the plaintiff, and it was therefore properly allowed to be given in evidence. *Exceptions overruled.*